**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CHARLES E. KING, | ) | |
| | ) | CIVIL ACTION NO. 3:15-297 |
| Plaintiff, | ) | |
| | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| | ) | |
| DIANE HARMOTTA, M. VEIL | ) | |
| GRIFFITH, and DOUGLAS | ) | |
| LENGENFELDER, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

### I.    Introduction

This civil rights action comes before the Court upon a motion to dismiss filed by Defendants M. Veil Griffith and Douglas Lengenfelder (ECF No. 7) and a motion to dismiss filed by Defendant Diane Harmotta (ECF No. 9).  For the reasons that follow, Defendants Griffith and Lengenfelder's motion to dismiss will be **GRANTED**, and Defendant Harmotta's motion to dismiss will be **GRANTED**.  However, Plaintiff will be granted leave to file an amended complaint as set forth in the Order.

### II.    Jurisdiction

The Court has jurisdiction over the federal constitutional claims pursuant to 28 U.S.C. § 1331, 1343(a)(3) and (4), and 42 U.S.C. § 1983.  The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.  Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial portion of the events giving rise to the claims occurred in the Western District of Pennsylvania.

### III.    Background

This case involves an incident that occurred on December 3, 2013.  The following facts are alleged in the complaint, which the Court will accept as true for the sole purpose of deciding the pending motions.

Plaintiff is eighty-five years old and is a black male.  (ECF No. 1 at 1.)  On December 3, 2013, Plaintiff was at his local senior citizens center and was conversing with other senior citizens.  (*Id.*)  While Plaintiff was discussing an inspirational poster that he had in his possession, Defendant Harmotta, the director of the center, "came at" him, screaming and demanding that Plaintiff give her the poster.  (*Id.*)  When Plaintiff rose from the table to leave with his poster, Defendant Harmotta pursued him, instructed other employees to stop him, and stated that she was going to call the police.  (*Id.*)

When Plaintiff inquired what he had done, Defendant Harmotta yelled at him and told him that he was banned from the center.  (*Id.*)  When the police arrived, Defendant Harmotta requested that Plaintiff be required to leave the premises.  (*Id.*)  Plaintiff left the center when the officers told him to leave.  (*Id.*)  Once outside, Plaintiff asked the officers whether Defendant Harmotta had the right to ban him from the center.  (*Id.*)  The officers instructed Plaintiff to contact the Cambria County Commissioners.  (*Id.*)

Plaintiff met with the county commissioners in an attempt to resolve the issue without success.  (*Id.*)  One of the commissioners released a statement to a local newspaper indicating that someone had been banned from the center for attacking the director.  (*Id.*)  When Plaintiff's daughter visited the center and asked Defendant Harmotta why she had accused Plaintiff of attempting to attack her, Defendant Harmotta

stated that she "could tell by the look in [Plaintiff's] eye" that he was going to strike her. (*Id.*) Plaintiff submits that he was wearing sunglasses on the day of the incident. (*Id.*)

Plaintiff then visited the area office on aging to resolve the issue of being banned from the center. (*Id.*) Plaintiff was told that the center was under the management of a private company called Nutrition. (*Id.*) He requested a set of the center's rules and guidelines on banning procedures but learned that the center did not have a rules or guidelines. (*Id.*) Plaintiff then hired an attorney and won his case. (*Id.* at 2.) However, Plaintiff has not returned to the center because he believes that Defendant Harmotta will again try to ban him as a result of her hatred and bigotry. (*Id.*) Plaintiff filed this action because he has suffered the defamation of his character, humiliation, hatred, and bigotry without any just cause. (*Id.*) Plaintiff seeks to stop and receive payment for this injustice. (*Id.*) He requests that a monetary penalty be placed on Defendants and believes that "ten million would make them think before doing this to another human being." (*Id.*)

Plaintiff filed this action on November 18, 2015. (*Id.*) Defendants Griffith and Lengenfelder filed a motion to dismiss and a supporting brief on December 23, 2015. (ECF Nos. 7, 8.) Defendant Harmotta filed a motion to dismiss and a supporting brief on December 28, 2015. (ECF Nos. 9, 10.) Plaintiff, who is pro se in this matter, has not filed a response to the motions.

## IV.     Standard of Review

Defendants move to dismiss the amended complaint pursuant to Rule 12(b)(6). The Federal Rules of Civil Procedure require that a complaint contain "a short and plain

statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 12(b)(6) allows a party to seek dismissal of a complaint or any portion of a complaint for failure to state a claim upon which relief can be granted. Although the federal pleading standard has been "in the forefront of jurisprudence in recent years," the standard of review for a Rule 12(b)(6) challenge is now well established. *Fowler v. UPMC Shadyside*, 578 F. 3d 203, 209 (3d Cir. 2009).

In determining the sufficiency of a complaint, a district court must conduct a two-part analysis. First, the court must separate the factual matters averred from the legal conclusions asserted. *See Fowler*, 578 F. 3d at 210. Second, the court must determine whether the factual matters averred are sufficient to show that plaintiff has a "'plausible claim for relief.'" *Id*. at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The complaint need not include "'detailed factual allegations.'" *Phillips v. County of Allegheny*, 515 F. 3d 224, 231 (3d Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Moreover, the court must construe the alleged facts, and draw all inferences gleaned therefrom, in the light most favorable to the non-moving party. *See id*. at 228 (citing *Worldcom, Inc. v. Graphnet, Inc.*, 343 F. 3d 651, 653 (3d Cir. 2003)). However, "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action . . . do not suffice." *Iqbal*, 556 U.S. at 678. Rather, the complaint must present sufficient "'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Sheridan v. NGK Metals Corp.*, 609 F. 3d 239, 262 n.27 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

Ultimately, whether a plaintiff has shown a "plausible claim for relief" is a "context-specific" inquiry that requires the district court to "draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The relevant record under consideration includes the complaint and any "document integral to or explicitly relied upon in the complaint." *U.S. Express Lines, Ltd. v. Higgins*, 281 F. 3d 383, 388 (3d Cir. 2002) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F. 3d 1410, 1426 (3d Cir. 1997)). If a complaint is vulnerable to dismissal pursuant to Rule 12(b)(6), the district court must permit a curative amendment, irrespective of whether a plaintiff seeks leave to amend, unless such amendment would be inequitable or futile. *Phillips*, 515 F. 3d at 236; *see also Shane v. Fauver*, 213 F. 3d 113, 115 (3d Cir. 2000).

## V.  Discussion

Defendants Harmotta, Griffith, and Lengenfelder have filed two motions to dismiss the complaint, each arguing that Plaintiff has failed to set forth a procedurally proper complaint and has failed to set forth a discernible claim. (ECF Nos. 8 at 13-17; 10 at 6-10.) Defendant Harmotta also argues that Plaintiff has failed to effectuate service upon her. (ECF No. 10 at 5-6.) Defendants assert that they are protected from this action by governmental immunity and by the doctrine of qualified immunity. (ECF Nos. 8 at 17-20; 10 at 10-15.) Defendant Lengenfelder also contends that he is immune from this action under the doctrine of high public official immunity. (ECF No. 8 at 20-22.) Defendant Harmotta requests that the Court strike Plaintiff's statement that the purported value of his claims is $10,000,000. (ECF No. 10 at 15.) As discussed above, Plaintiff has not filed a

response to Defendants' motions. The Court will separately address Defendants' arguments.

### A. Plaintiff's Failure to Plead Discernible Claims

#### 1. Plaintiff's 42 U.S.C. § 1983 Claim

Defendants Griffith and Lengenfelder argue that Plaintiff's civil rights claim is not discernible because it is unclear against which Defendants Plaintiff has asserted his claim. (ECF No. 8 at 17-18.) Similarly, Defendant Harmotta asserts that Plaintiff's civil rights claim is not discernible because he has failed to allege any facts to support the elements of the claim. (ECF No. 10 at 8-9.) Defendant Harmotta contends that Plaintiff's claim, at most, arises to a negligence claim. (Id. at 9.)

While courts are more deferential and liberally construe pleadings of pro se litigants, the plaintiff must still comply with the pleading standards set forth in the Federal Rules of Civil Procedure. *See Frazier v. Southeastern Penn. Transp. Auth.*, 785 F.2d 65, 67 n.3 (3d Cir. 1986); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). As discussed above, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A complaint therefore must include factual allegations to support the legal claims asserted. *Id.* at 678.

Plaintiff appears to plead a claim for the violation of his civil rights, pursuant to 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Tatsch-*

*Corbin v. Feathers*, 561 F. Supp. 2d 538, 543 (W.D. Pa. 2008) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). A plaintiff must "'identify the exact contours of the underlying right said to have been violated'" to enable the Court "to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" *Chainey v. Street*, 523 F.3d 200, 219 (3d Cir. 2008) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998)).

To set forth a § 1983 claim, Plaintiff must plead that: (1) he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States and (2) the challenged conduct was committed by a person acting under color of state law. *See West*, 487 U.S. at 48. As Defendant Harmotta contends, Plaintiff's claim appears to be a state-law negligence claim because Plaintiff does not invoke any rights secured by the Constitution or laws of the United States in his complaint. Moreover, Plaintiff has failed to identify against whom he is asserting his claim. Accordingly, because Plaintiff has failed to plead a violation of his rights secured by federal law, the Court must grant Defendants' motion to dismiss Plaintiff's § 1983 claim but will grant Plaintiff leave to amend his complaint.

### 2. Plaintiff's Defamation Claim

Defendants Griffith and Lengenfelder argue that Plaintiff has failed to allege any facts to support the elements of his defamation claim. (ECF No. 8 at 15-16.) Initially, the Court notes that it only has jurisdiction over this state-law claim pursuant to supplemental jurisdiction. Jurisdiction over supplemental state-law claims is governed by 28 U.S.C. § 1367(a), which provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such

original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, the Court may decline to exercise supplemental jurisdiction if it "has dismissed all claims over which it has original jurisdiction." *Id.* § 1367(c)(3). As to § 1367(c)(3), "'where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.'" *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (quoting *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)).

As discussed above, Plaintiff has failed to sufficiently plead his § 1983 claim. The Court therefore does not have original jurisdiction over Plaintiff's state-law defamation claim. Nonetheless, for purposes of permitting Plaintiff to amend his complaint, the Court will examine his defamation claim. In Pennsylvania, defamation requires a plaintiff to demonstrate:  (1) the defamatory character of the statement; (2) the defendant's publication of the statement; (3) the application of the statement to the plaintiff; (4) the recipient of the statement's understanding of its defamatory meaning; (5) the recipient's understanding that the declarant intended the statement to apply to the plaintiff; (6) special harm resulting from the publication of the statement; and, if applicable, (7) the abuse of a conditional privilege. 42 PA. CONS. STAT. § 8343(a)(1)-(7); *Beverly Enters., Inc. v. Trump*, 182 F.3d 183, 187 (3d Cir. 1999).

Plaintiff's allegations plainly satisfy some of the defamation elements. Specifically, Plaintiff's complaint alleges that a county commissioner issued a statement to the local

newspaper that someone had been banned from the center for attacking the director. (ECF No. 1 at 1.)  Thus, Plaintiff appears to have pled the defamatory character of the statement, which is that an attack occurred.  He also pled that the statement was published in a local newspaper.  However, Plaintiff has failed to plead the remaining elements of a claim for defamation.  Additionally, Plaintiff has failed to identify against whom he is asserting his claim.  Accordingly, because Plaintiff has failed to plead the elements of his claim, the Court must grant Defendants' motion to dismiss Plaintiff's defamation claim but will grant Plaintiff leave to amend his complaint.

### B.  Defendants' Immunity Arguments

#### 1.  Governmental Immunity

Defendants argue that they are protected from this action by governmental immunity under the Political Subdivision Tort Claims Act ("PSTCA").  (ECF Nos. 8 at 17-10; 10 at 10-13.)  Specifically, Defendants contend that they are employees acting on behalf of Cambria County and the Cambria County Area Agency, which are both governmental entities.  (ECF Nos.  8 at 17-18; 10 at 10-11.)

Governmental immunity found under the PSTCA is only applicable to state law claims and not federal civil rights actions.  *Burkhart v. Knepper*, 310 F. Supp. 2d 734, 743 (W.D. Pa. 2004).  The PSTCA provides that, except as otherwise specified therein, "no local agency shall be liable for any damages on account of any injury to a person or property by any act of the local agency or an employee thereof or any other person."  42 PA. CONS. STAT. § 8541.  The statutory waiver of sovereign immunity applicable to local agencies and employees provides that, under certain conditions, "[a] local agency shall be

liable for damages on account of an injury to a person or property . . . if . . . the injury was caused by the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties." *Id.* § 8542(a). A local agency may be held liable only for negligent acts falling within the following eight categories: (1) vehicle liability; (2) care, custody, or control of personal property; (3) real property; (4) trees, traffic controls, and street lighting; (5) utility service facilities; (6) streets; (7) sidewalks; and (8) care, custody, or control of animals. *Id.* § 8542(b).

As discussed above, Plaintiff's § 1983 claim appears to be a state-law negligence claim because Plaintiff has not invoked any rights secured by the Constitution or laws of the United States in his complaint. Additionally, Plaintiff has not indicated whether he is filing his claims against Defendants in their individual or official capacities. If Plaintiff's claims are against Defendants in their individual capacities, then they are not entitled to governmental immunity. *See, e.g., Keefer v. Durkos*, No. 3:04-CV-187, 2006 U.S. Dist. LEXIS 68520, at *64 (W.D. Pa. Sept. 25, 2006) (stating that "to the extent that the Defendants are being sued in their official capacity . . . Pennsylvania's governmental immunity is the applicable statutory defense"). Because the Court will grant Plaintiff leave to amend his complaint, the Court need not address whether Defendants are entitled to governmental immunity at this time.

### 2. Qualified Immunity

Defendants also seek qualified immunity. Specifically, Defendants assert that they are immune from Plaintiff's action because they are public officials. (ECF Nos. 8 at 19-20; 10 at 13-14.)

To apply the federal law of qualified immunity, a court must conduct a two-part inquiry. *Keefer*, 2006 U.S. Dist. LEXIS 68520, at *57. "[A] court must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all, and if so, proceed to determine whether that right was clearly established at the time of the alleged violation." *Id.* To be "clearly established," "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id.* (internal quotations omitted).

Plaintiff has failed to establish the first prong of the two-part inquiry because, as discussed above, he has failed to allege a "deprivation of an actual constitutional right at all." *Id.* Additionally, Plaintiff has not indicated in what capacity he is filing his claims against Defendants. *See, e.g.*, *Pruchnic v. Wright*, No. 3:13-CV-235, 2016 U.S. Dist. LEXIS 43819, at *32 (W.D. Pa. Mar. 30, 2016) ("Qualified immunity is an affirmative defense available to government officials sued in their personal capacities."). Because the Court will grant Plaintiff leave to amend his complaint, the Court need not address whether Defendants are entitled to qualified immunity at this time.

### 3. High Public Official Immunity

Defendant Lengenfelder argues that he is entitled to absolute immunity because he is a high public official. (ECF No. 8 at 20-22.) Specifically, Defendant Lengenfelder asserts that he must be afforded immunity because Plaintiff's allegations against him closely relate to the performance of his job duties. (*Id.* at 22.)

Pennsylvania common law provides for absolute privilege for the acts of "high public officials." *Keefer*, 2006 U.S. Dist. LEXIS 68520, at *61. Provided that the actions

taken were "in the course of the official's duties or powers and within the scope of his authority, or as it is sometimes expressed, within his jurisdiction," the doctrine of high public official immunity "is unlimited and exempts a high public official from all civil suits for damages arising out of false defamatory statements and even from statements or actions motivated by malice." *Foglesong v. Somerset County*, No. 3:12-CV-77, 2013 U.S. Dist. LEXIS 29767, at *50-51 (W.D. Pa. Mar. 1, 2013) (internal quotations and emphasis omitted). The doctrine, which predates the PSTCA and was not abrogated by it, "is designed to protect the official from the suit itself, from the expense, publicity, and danger of defending the good faith of his public actions before the jury." *Id.* at *51 (internal quotations omitted).

Plaintiff has alleged that Defendant Lengenfelder is a Cambria County Commissioner. (ECF No. 1 at 2.) The Court recognizes that county commissioners may be protected from claims by the doctrine of high public official immunity. *See, e.g.*, *LaVerdure v. County of Montgomery*, 324 F.3d 123, 126-27 (3d Cir. 2003) (holding that a county commissioner was protected by the doctrine of high public official immunity); *Miller v. Centre County*, No. 4:15-CV-1754, 2016 U.S. Dist. LEXIS 62019, at *22 (M.D. Pa. May 11, 2016) (same); *Snavely v. Arnold*, No. 1:08-CV-2165, 2009 U.S. Dist. LEXIS 51415, at *25 (M.D. Pa. June 18, 2009) (explaining that county commissioners "are high public officials and, as such, enjoy absolute immunity even when willful misconduct is alleged") (internal quotations omitted). However, it is unclear which claims Plaintiff has asserted against Defendant Lengenfelder. Additionally, as discussed above, Plaintiff's claims are insufficient and will be dismissed. Because the Court will grant Plaintiff leave to amend

his complaint, the Court need not address whether Defendant Lengenfelder is entitled to the protection of the doctrine of high public official immunity at this time. *See, e.g.,* *Sottosanti-Mack v. Reinhart*, No. 15-CV-3255, 2016 U.S. Dist. LEXIS 40044, at *22 (E.D. Pa. Mar. 28, 2016) (denying motion to dismiss on the basis of the doctrine of high public official immunity because "the record is not sufficiently developed to determine whether [the defendant] is entitled to high public official immunity at this time").

### C. Service and Procedural Deficiencies of Plaintiff's Complaint

Defendant Harmotta argues that Plaintiff has failed to effectuate service because he did not serve a copy of the summons and a copy of the complaint upon her. (ECF No. 10 at 5-6.) She also states that Plaintiff incorrectly identified her as Diane Harmotta, rather than Dianna Harmotta, in the caption of his complaint. (*Id.* at 6.) If Plaintiff files and properly serves an amended complaint, this issue becomes moot. Because the Court will grant Plaintiff leave to amend his complaint, the Court need not address Defendant Harmotta's argument at this time.

Defendants Harmotta, Griffith, and Lengenfelder argue that Plaintiff violated Federal Rules of Civil Procedure 8 and 10 because he has failed to set forth a procedurally proper complaint. (ECF Nos. 8 at 13-14; 10 at 6-7.) Defendant Harmotta also argues that Plaintiff violated Federal Rule of Civil Procedure 12(f) by stating that the purported value of his claims is $10,000,000. (ECF No. 10 at 15.)

Federal Rule of Civil Procedure 8 provides that a complaint must include "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P.

8(a)(1)-(2).  Federal Rule of Civil Procedure 10 provides that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  FED. R. CIV. P. 10(b).  Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  FED. R. CIV. P. 12(f).

The form of Plaintiff's complaint is a letter.  (ECF No. 1.)  Plaintiff's complaint does not include numbered paragraphs, a statement of grounds for the court's jurisdiction, or a statement showing that he is entitled to relief.  Indeed, as discussed above, Plaintiff has failed to plead a violation of his rights secured by federal law in support of his § 1983 claim and the elements of his defamation claim.  Additionally, Plaintiff's statement that he believes the value of this action is $10,000,000 appears to be impertinent and unrelated to his claims.  If Plaintiff corrects the deficiencies of his complaint, then Defendants' arguments will become moot.  Because the Court will grant Plaintiff leave to amend his complaint, the Court need not address Defendants' arguments at this time.

### D.  Leave to Amend

The law is well settled that, "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile."  *Phillips*, 515 F. 3d at 245.  Likewise, Federal Rule of Civil Procedure 15 embodies a liberal approach to amendment and directs that "leave shall be freely given when justice so requires" unless other factors weigh against such relief.  *Dole v. Arco Chem. Co.*, 921 F. 2d 484, 486-87 (3d Cir. 1990). Factors that weigh against amendment include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to

cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Amendment is futile "if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." *Alvin v. Suzuki*, 227 F. 3d 107, 121 (3d Cir. 2000). A district court may therefore "properly deny leave to amend where the amendment would not withstand a motion to dismiss." *Centifanti v. Nix*, 865 F. 2d 1422, 1431 (3d Cir. 1989); *Davis v. Holder*, 994 F. Supp. 2d 719, 727 (W.D. Pa. 2014). In light of these legal principles favoring the opportunity to amend a deficiently pleaded complaint, and in consideration of Plaintiff's pro se representation, the Court will grant Plaintiff leave to amend his complaint.

VI.     **Conclusion**

For the reasons stated above, the Court will grant Defendants' motions to dismiss Plaintiff's complaint. The Court will grant Plaintiff leave to amend his complaint as set forth in the Order.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES E. KING, | ) | |
| | ) | **CIVIL ACTION NO. 3:15-297** |
| Plaintiff, | ) | |
| | ) | **JUDGE KIM R. GIBSON** |
| v. | ) | |
| | ) | |
| DIANE HARMOTTA, M. VEIL | ) | |
| GRIFFITH, and DOUGLAS | ) | |
| LENGENFELDER, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**AND NOW**, this 5th day of July, 2016, upon consideration of the Defendants'

motions to dismiss (ECF Nos. 7, 9), and for the reasons set forth in the accompanying

memorandum, **IT IS HEREBY ORDERED** that Defendants' motions are **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff is granted 21 days from July 5, 2016, to

file an amended complaint.

BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE