IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| CHARLES E. KING, | ) | |
|---|---|---|
| | ) | CIVIL ACTION NO. 3:15-297 |
| Plaintiff, | ) | |
| | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| | ) | |
| DIANE HARMOTTA, M. VEIL GRIFFITH, and DOUGLAS LENGENFELDER, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION

I.  Introduction

This civil rights action comes before the Court upon motions to dismiss the amended complaint filed by Defendants M. Veil Griffith and Douglas Lengenfelder (ECF No. 15) and Defendant Diane Harmotta (ECF No. 17). For the reasons that follow, Defendants Griffith and Lengenfelder's motion to dismiss will be **GRANTED**, and Defendant Harmotta's motion to dismiss will be **GRANTED**. However, Plaintiff will be granted leave to file a second amended complaint with respect to certain claims as set forth in the Order.

II. Jurisdiction

The Court has jurisdiction over the federal constitutional claims pursuant to 28 U.S.C. § 1331, 1343(a)(3) and (4), and 42 U.S.C. § 1983. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. Venue is proper under

28 U.S.C. § 1391(b)(2) because a substantial portion of the events giving rise to the claims occurred in the Western District of Pennsylvania.

## III. Background

This case involves an incident that occurred on December 3, 2013. The lawsuit was filed pro se by Plaintiff Charles King. Named as defendants are Dianna Harmotta, M. Veil Griffith, and Douglas Lengenfelder. In a memorandum opinion dated July 5, 2016, the Court previously granted Defendants' motions to dismiss Plaintiff's original complaint (ECF No. 11) but granted Plaintiff leave to file an amended complaint, which he did on July 25, 2016 (ECF No. 13). All three Defendants have once again moved to dismiss. The following facts are alleged in the amended complaint, which the Court will accept as true for the sole purpose of deciding the pending motions.

Plaintiff is approximately eighty-five years old and is a black male. (ECF No. 1 at 1.) On December 3, 2013, Plaintiff was at his local senior citizens center, located on Main Street in Johnstown, and was conversing with other senior citizens. (ECF No. 13 ¶ 1.) While Plaintiff was discussing an inspirational poster that he had in his possession, Defendant Harmotta, the director of the center, "came at" him, screaming and demanding that Plaintiff give her the poster. (*Id.* ¶ 1.) When Plaintiff rose from the table to leave with his poster, Harmotta pursued him and instructed other staff members to call the police. (*Id.* ¶ 2.) When Plaintiff inquired what he had done wrong, Defendant Harmotta yelled at him and told him that he was banned from the center. (*Id.*)

When the police arrived, Defendant Harmotta requested that Plaintiff be required to leave the premises. (*Id.*) Plaintiff voluntarily exited the building with the police officers. (*Id.*) Once outside, Plaintiff asked the officers whether Defendant Harmotta had the right to ban him from the center. (*Id.*) The officers instructed Plaintiff to contact the Cambria County Commissioners. (*Id.*)

Plaintiff met with the county commissioners in an attempt to resolve the issue without success. (*Id.* ¶ 3.) Instead, one of the commissioners, most likely Lengenfelder, released a statement to a local newspaper indicating that someone had been banned from the center for attacking the director. (*Id.*) When Plaintiff's daughter visited the center and asked Defendant Harmotta why she had accused Plaintiff of attempting to attack her, Defendant Harmotta stated that she "could tell by the look in [Plaintiff's] eye" that he was going to strike her. (*Id.*) Plaintiff submits that he was wearing sunglasses on the day of the incident because he suffers from light sensitivity. (*Id.*)

Plaintiff then visited the area office on aging to resolve the issue of being banned from the center. (*Id.* ¶ 4.) He requested a set of the center's rules and guidelines on banning procedures but learned that the center did not have a rules or guidelines. (*Id.*) Plaintiff spoke with Defendant Griffith at the office on aging because he felt he was being denied his constitutional rights. (*Id.*) Griffith told him that he could go to any other senior citizens center in Cambria County except for the on Main Street. (*Id.*) Plaintiff was not happy with this answer because all of his friends attend the center on Main Street. (*Id.*) Plaintiff later hired an attorney and appealed to the Pennsylvania Department of Aging. (*Id.* ¶ 5; ECF No. 1-2.) Plaintiff prevailed on appeal and the administrative law

3

judge ("ALJ") overturned his ban. (ECF No. 1-2) (The ALJ concluded that "[e]ven if there was justification for asking [Plaintiff] to leave the [center] temporarily, there simply is no basis for making his exclusion permanent.")

Nevertheless, Plaintiff has not returned to the center because he believes that Defendant Harmotta will again try to ban him as a result of her hatred and bigotry. (ECF No. 13 ¶ 5.) Plaintiff filed this action because he has suffered the defamation of his character when Lengenfelder spoke to the newspaper and violation of his rights due to hatred and bigotry. (*Id.*) Plaintiff seeks to stop Defendants from committing similar injustices to other individuals in the future and to receive payment for the injustice suffered by him. (*Id.*) With respect to his constitutional rights, Plaintiff mentions the First Amendment rights to free speech and free assembly as well as his due process rights under the Fifth, Fourteenth, and Fifteenth Amendments. (*Id.*) Accordingly, the Court construes the amended complaint as bringing claims under Section 1983 for violations of his rights under First, Fifth, Fourteenth, and Fifteenth Amendments and a state law defamation claim.

Plaintiff filed his amended complaint on July 25, 2016. The amended complaint does not add many additional factual allegations, but does expressly mention several constitutional amendments. Defendants Griffith and Lengenfelder together filed a motion to dismiss and a supporting brief (ECF Nos. 15, 16) and Defendant Harmotta filed her own motion to dismiss and a supporting brief. (ECF Nos. 17, 18). Both motions move for the dismissal of all claims. Plaintiff, who is pro se in this matter, has not filed a response to the motions.

## IV. Standard of Review

Defendants move to dismiss the amended complaint pursuant to Rule 12(b)(6). The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 12(b)(6) allows a party to seek dismissal of a complaint or any portion of a complaint for failure to state a claim upon which relief can be granted. Although the federal pleading standard has been "in the forefront of jurisprudence in recent years," the standard of review for a Rule 12(b)(6) challenge is now well established. *Fowler v. UPMC Shadyside*, 578 F. 3d 203, 209 (3d Cir. 2009).

In determining the sufficiency of a complaint, a district court must conduct a two-part analysis. First, the court must separate the factual matters averred from the legal conclusions asserted. *See Fowler*, 578 F. 3d at 210. Second, the court must determine whether the factual matters averred are sufficient to show that plaintiff has a "'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The complaint need not include "'detailed factual allegations.'" *Phillips v. County of Allegheny*, 515 F. 3d 224, 231 (3d Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Moreover, the court must construe the alleged facts, and draw all inferences gleaned therefrom, in the light most favorable to the non-moving party. *See id.* at 228 (citing *Worldcom, Inc. v. Graphnet, Inc.*, 343 F. 3d 651, 653 (3d Cir. 2003)). However, "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action . . . do not suffice." *Iqbal*, 556 U.S. at 678. Rather, the complaint must present sufficient "'factual

5

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Sheridan v. NGK Metals Corp.*, 609 F. 3d 239, 262 n.27 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

Ultimately, whether a plaintiff has shown a "plausible claim for relief" is a "context-specific" inquiry that requires the district court to "draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The relevant record under consideration includes the complaint and any "document integral to or explicitly relied upon in the complaint." *U.S. Express Lines, Ltd. v. Higgins*, 281 F. 3d 383, 388 (3d Cir. 2002) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F. 3d 1410, 1426 (3d Cir. 1997)). If a complaint is vulnerable to dismissal pursuant to Rule 12(b)(6), the district court must permit a curative amendment, irrespective of whether a plaintiff seeks leave to amend, unless such amendment would be inequitable or futile. *Phillips*, 515 F. 3d at 236; *see also Shane v. Fauver*, 213 F. 3d 113, 115 (3d Cir. 2000).

With respect to pro se pleadings, "however inartfully pleaded," they must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

V.  **Discussion**

Defendants Harmotta, Griffith, and Lengenfelder have filed two motions to dismiss the complaint, each arguing that Plaintiff has failed to set forth a procedurally proper complaint and has failed to set forth a discernible claim and that to the extent Plaintiff does plead specific claims, the factual allegations alleged fail to establish claims

6

upon which relief could be granted. Defendant Harmotta also argues that Plaintiff has failed to effectuate service upon her. (ECF No. 18 at 11-13.) Defendants further assert that they are protected from this action by governmental immunity and by the doctrine of qualified immunity. Defendant Lengenfelder also contends that he is immune from this action under the doctrine of high public official immunity. (ECF No. 16 at 24-27.) As already noted, Plaintiff has not filed a response to Defendants' motions. The Court will separately address Defendants' arguments.

### A. Whether Plaintiff Has Adequately Pled Discernable Claims

#### 1. Plaintiff's 42 U.S.C. § 1983 Claims

Defendants argue that, like his first complaint, Plaintiff's amended complaint should be dismissed as to the § 1983 claims because it fails to specify the contours of the constitutional rights allegedly violated and to identify which constitutional claims are asserted against which Defendants. Defendants also argue that to the extend Plaintiff has identified specific constitutional rights, he has failed to state claims for which relief could be granted as to any of them.

While courts are more deferential and liberally construe pleadings of pro se litigants, the plaintiff must still comply with the pleading standards set forth in the Federal Rules of Civil Procedure. *See Frazier v. Southeastern Penn. Transp. Auth.*, 785 F.2d 65, 67 n.3 (3d Cir. 1986); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). As discussed above, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678

(quoting *Twombly*, 550 U.S. at 570). A complaint therefore must include factual allegations to support the legal claims asserted. *Id.* at 678.

Plaintiff appears to plead a claim for the violation of his civil rights, pursuant to 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Tatsch-Corbin v. Feathers*, 561 F. Supp. 2d 538, 543 (W.D. Pa. 2008) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). A plaintiff must "'identify the exact contours of the underlying right said to have been violated'" to enable the Court "to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" *Chainey v. Street*, 523 F.3d 200, 219 (3d Cir. 2008) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998)).

While the amended complaint does not have significantly more detail than the original complaint, it does specifically mention violations of First Amendment rights as well as his due process rights under the Fifth, Fourteenth, and Fifteenth Amendments. Given Plaintiff's pro se status, the Court finds this sufficient to identify the rights at issue. Therefore, the Court will proceed to discuss whether the amended complaint contains sufficient factual allegations to state a claim under § 1983 for violation of each of these rights. Defendants are correct, however, that the amended complaint does not specify which constitutional claims are brought against which Defendants. The Court infers from the factual allegations and the rights asserted that the First Amendment claim is asserted only against Defendant Harmotta and, in the interest of completeness, will assume that the due process claims are asserted against all Defendants.

### a. First Amendment Claim

Although not a model of clarity, Plaintiff appears to bring a § 1983 claim for violation of his First Amendment rights to free speech and free assembly against Harmotta.[1] Presumably, the basis for the alleged violation is Harmotta's yelling at Plaintiff for discussing his poster, kicking him out of the center after the disagreement, and then banning him permanently.

To establish a First Amendment claim, a plaintiff must demonstrate that (1) he engaged in a constitutionally protected activity; (2) he suffered, at the hands of a state actor, adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) that the protected activity was a substantial motivating factor in the state actor's decision to take adverse action. *Whitney v. Wetzel*, 649 F. App'x 123, 126 (3d Cir. 2016).

The amended complaint adds little additional detail to support any potential First Amendment claim besides actually mentioning the First Amendment. Even under the less stringent pleading standards afforded pro se litigants, the amended complaint does not provide sufficient factual allegations for the Court to find that Plaintiff has stated a First Amendment claim. It is not clear what Plaintiff is asserting as his protected activity, nor is it even alleged that the adverse action taken by Harmotta, presumably the ban, was

---

[1] Although the amended complaint does not specify, the Court presumes the First Amendment claim is only applicable to Defendant Harmotta, for her actions of kicking him out of the center for talking about his poster and attempting to ban him permanently. To the extent the claim is also asserted against Defendant Griffith for not reversing Harmotta's decision, the same analysis would apply.

9

animated by Plaintiff's engaging in protected activity. To the extent the amended complaint makes any allegations as to Harmotta's motive, it suggests she was motivated by Plaintiff's race (an allegation it also fails to support with any facts), not any sort of activity protected by the First Amendment. Accordingly, the Court will grant the motions to dismiss with respect to any First Amendment claim asserted. Because Plaintiff is pro se and could conceivably state a First Amendment claim, the Court will grant Plaintiff leave to amend one more time with respect to any First Amendment claim.

        b.        **Due Process Claims**

The amended complaint brings due process claims under the Fifth, Fourteenth, and Fifteenth Amendments. (ECF No. 13 ¶ 4.) Defendants argue that Plaintiff has failed to state a due process claim under any of these Amendments.

The due process clause contained in the Fifth Amendment is only applicable to the federal government and federal actors. *See, e.g., Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009); *Damiano v. Scranton School Dist.*, 135 F. Supp. 3d 255, 266 (M.D. Pa. 2015); *Leventry v. Watts*, No. CIV.A. 06-193, 2007 WL 1469038, at *2 (W.D. Pa. May 17, 2007). Since none of the Defendants work for the federal government, the Fifth Amendment claim must be dismissed.

Unlike the Fifth Amendment, the due process protections in the Fourteenth Amendment do apply to state and local actors. The Fourteenth Amendment protects both procedural due process and substantive due process rights. *See, e.g., Marin v. McClincy*, 15 F. Supp. 3d 602, 612-615 (W.D. Pa. 2014). The amended complaint does not specify whether Plaintiff is asserting a procedural due process claim or a substantive due process

claim, so the Court will discuss the factual allegations under the law applicable to each right.

To state a claim for deprivation of procedural due process rights, a plaintiff must allege that (1) he was deprived of an individual interest to life, liberty, or property, and (2) the procedures available to him did not provide sufficient safeguards to ensure "due process of law." *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006).

Here, it is not entirely clear from the amended complaint what interest Plaintiff is referring to, but as best the Court can tell, it involves Plaintiff being banned from the center. Even assuming Plaintiff had a protected property or liberty interest in being able to attend the center, the facts alleged do not support a conclusion that the procedure afforded Plaintiff was constitutionally deficient. Rather, Plaintiff successfully availed himself of an appeals process and had his ban from the center overturned by an ALJ with the Pennsylvania Department of Aging. (ECF Nos. 13 ¶ 5; 1-2.) "A state furnishes constitutionally adequate procedural due process when it provides reasonable remedies to correct a legal error by a local administrative body." *1840 P. Cheeseman Rd., LLC v. Twp. of Gloucester Zoning Bd. of Adjustment*, No. 116CV01680, 2016 WL 7325470, at *6 (D.N.J. Dec. 16, 2016) (citing *John E. Long, Inc. v. Borough of Ringwood*, 61 F. Supp. 2d 273, 278-79 (D.N.J. 1998) *aff'd* 213 F.3d 628 (3d Cir. 2000)). Therefore, the factual allegations in the amended complaint do not support a claim that Plaintiff was deprived of a protected interest without adequate procedural due process.

"[T]he touchstone of due process is protection of the individual against arbitrary action of the government." *County of Sacramento v. Lewis*, 523 U.S. 833, 845 (1998). To

11

establish a substantive due process claim under § 1983 and the Fourteenth Amendment, a plaintiff must prove that: (1) the particular interest at issue is constitutionally protected, and (2) the government's deprivation of that protected interest shocks the conscience. *Flanders v. Dzugan*, 156 F. Supp. 3d 648, 664 (W.D. Pa. 2016) (citing *Connection Training Serv. v. City of Phila.*, 358 F. App'x. 315, 319 (3d Cir. 2009)). Each of these prongs imposes a relatively high bar for a plaintiff to satisfy. With respect to the first, "only the most egregious official conduct can be said to be arbitrary in the constitutional sense." *Nicini v. Morra*, 212 F.3d 798, 810 (3d Cir. 2000) (quoting *Lewis*, 523 U.S. at 846 (1998)). With respect to the second prong:

> The substantive due process clause protects only "those fundamental rights and liberties which are, objectively, deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty such that neither liberty nor justice would exist if they were sacrificed." *Washington v. Glucksberg*, 521 U.S. 702, 720–21 (1997) (internal quotations omitted). "If the asserted interest is not fundamental, the government action complained of is not covered by the substantive due process clause and 'will be upheld so long as the state satisfies the requirements of procedural due process.'" *Ruiz v. Strange*, No. CV 15–2112, 2015 WL 7734131, at *5 (E.D. Pa. Dec. 1, 2015) (quoting *Nicholas v. Pennsylvania State Univ.*, 227 F.3d 133, 142 (3d Cir. 2000)).

*Flanders*, 156 F. Supp. 3d at 664-65.

Once again, it is not entirely clear from the amended complaint what the precise interest complained about is, but it appears to relate to Harmotta's decision to ban him from the center. This interest in not the type of fundamental right deeply rooted in the nation's history that is covered by substantive due process. *See Ruiz*, 2015 WL 7734131, at *5 (dismissing substantive due process claim where the plaintiff had not identified a recognized fundamental right). Likewise, Plaintiff has not alleged facts sufficient to

12

support the conclusion that the decision to ban him from the center (which was subsequently overturned) shocks the conscience. *See Eichenlaub v. Twp. of Indiana*, 385 F.3d 274, 285 (3d Cir. 2004) ("[w]hat shocks the conscience is only the most egregious official conduct."). Therefore, the amended complaint will be dismissed as to the Fourteenth Amendment due process claim.

The Fifteenth Amendment does not contain a due process clause. Rather, it states "[t]he right of citizens of the United States to vote shall not be denied or abridged by the United States or by any State on account of race, color, or previous condition of servitude." U.S.C.A. Const. Amend. XV. Because the amended complaint does not present any factual allegations relating to Plaintiff's ability to vote, he has not stated a Fifteenth Amendment claim.

### 2. Plaintiff's Defamation Claim

The amended complaint appears to bring a state law tort claim for defamation. While it does not specify against which Defendant the defamation claim is asserted, it is most likely against Lengenfelder for his comment to the newspaper.

In Pennsylvania, the tort of defamation requires a plaintiff to demonstrate: (1) the defamatory character of the statement; (2) the defendant's publication of the statement; (3) the application of the statement to the plaintiff; (4) the recipient of the statement's understanding of its defamatory meaning; (5) the recipient's understanding that the declarant intended the statement to apply to the plaintiff; (6) special harm resulting from the publication of the statement; and, if applicable, (7) the abuse of a conditional privilege.

42 PA. CONS. STAT. § 8343(a)(1)-(7); *Beverly Enters., Inc. v. Trump*, 182 F.3d 183, 187 (3d Cir. 1999).

Plaintiff's allegations plainly satisfy some of the defamation elements. Specifically, Plaintiff's complaint alleges that a county commissioner, probably Lengenfelder, issued a statement to the local newspaper that someone had been banned from the center for attacking the director. (ECF No. 13 ¶ 3.) Thus, Plaintiff appears to have pled the defamatory character of the statement, which is that an attack occurred. He also pled that the statement was published in a local newspaper. However, Plaintiff has failed to plead the remaining elements of a defamation claim. In particular, the fifth element – that the recipient's understanding that the declarant intended the statement to apply to the plaintiff – has not been alleged since according to the amended complaint, Legenfelder only mentioned that someone was banned from the center for attacking the director, not Plaintiff specifically. Plaintiff has also not alleged the sixth element, which is a special harm resulting from the statement's publication. Additionally, while the Court and the Defendants infer that the defamation claim is asserted against Defendant Lengenfelder, Plaintiff has once again failed to identify against whom he is asserting his claim. Accordingly, because Plaintiff has failed to plead the elements of his claim, the Court must grant Defendants' motion to dismiss Plaintiff's defamation claim.

### B. Defendants' Immunity Arguments

Defendants also assert governmental immunity, qualified immunity, and high public official immunity. As in the prior Memorandum Opinion, because of the other

pleading deficiencies in the amended complaint, it would be difficult and unnecessary to reach the issue of immunities at this time.

### C. Service

The Court's prior Memorandum Opinion noted that Plaintiff had failed to properly serve Defendant Harmotta. (ECF No. 11 at 13.) Defendant Harmotta argues now that Plaintiff has once again failed to effectuate service because he did not serve a copy of the amended complaint upon her at all. Without a response to the motion or the submission of any proof of service from Plaintiff, the Court has no reason to doubt the representation of Harmotta and Harmotta's attorneys. As discussed in this Memorandum Opinion, the Court is dismissing the amended complaint but granting Plaintiff leave to amend certain claims. If Plaintiff chooses to file a second amended complaint, the Court stresses that he is responsible for effectuating proper service on all Defendants in accordance with Federal Rule of Civil Procedure 4. Failure to effectuate proper service is also cause for dismissal under the Rule 4.

### D. Plaintiff's Request for Relief

It is worth highlighting again that Plaintiff is now allowed to return to the center. Nevertheless he avers that he is afraid to go back because of Harmotta's level of "hatred and bigotry." (ECF No. 13 ¶ 5.) Plaintiff also notes that he is pursuing this lawsuit in part to prevent what happened to him from happening to anyone else. This is a laudable goal. However, based on the allegation of only one incident, there is little the Court can do about Plaintiff's concerns that Defendants may take the same actions against someone else in the future. Plaintiff will be granted leave to amend certain claims one more time, but

15

the Court stresses to Plaintiff that this is only to potentially vindicate what happened to him in December 2013. Should something similar happen to another individual in the future, the appeals process with the Department of Aging appears to be effective.

### E. Leave to Amend

The law is well settled that, "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips*, 515 F. 3d at 245. Likewise, Federal Rule of Civil Procedure 15 embodies a liberal approach to amendment and directs that "leave shall be freely given when justice so requires" unless other factors weigh against such relief. *Dole v. Arco Chem. Co.*, 921 F. 2d 484, 486-87 (3d Cir. 1990). Factors that weigh against amendment include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Amendment is futile "if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." *Alvin v. Suzuki*, 227 F. 3d 107, 121 (3d Cir. 2000). A district court may therefore "properly deny leave to amend where the amendment would not withstand a motion to dismiss." *Centifanti v. Nix*, 865 F. 2d 1422, 1431 (3d Cir. 1989); *Davis v. Holder*, 994 F. Supp. 2d 719, 727 (W.D. Pa. 2014). In light of these legal principles favoring the opportunity to amend a deficiently pleaded complaint, and in consideration of Plaintiff's pro se representation, the Court will grant Plaintiff leave to amend his complaint one more time, if he so chooses, with respect to the § 1983 First Amendment claim and the defamation

claim. If Plaintiff chooses to amend a second time, he should indicate which claims are brought against which Defendants and explain why. In light of the well settled law discussed above, the due process claim pursuant to the Fifth, Fourteenth, and Fifteenth Amendments will be dismissed with prejudice and Plaintiff is not granted leave to amend with respect to those claims.

## VI. Conclusion

For the reasons stated above, the Court will grant Defendants' motions to dismiss Plaintiff's amended complaint. The Court will grant Plaintiff leave to amend his complaint one more time as set forth in the Order with respect to any First Amendment claim and the defamation claim.

An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES E. KING, | ) |
| | ) CIVIL ACTION NO. 3:15-297 |
| Plaintiff, | ) |
| | ) JUDGE KIM R. GIBSON |
| v. | ) |
| | ) |
| DIANE HARMOTTA, M. VEIL GRIFFITH, and DOUGLAS LENGENFELDER, | ) |
| | ) |
| Defendants. | ) |

## ORDER

**AND NOW**, this 21st day of March, 2017, upon consideration of the Defendants' motions to dismiss (ECF Nos. 15, 17), and for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED** that Defendants' motions are **GRANTED**.

**IT IS FURTHER ORDERED** that the due process claims are dismissed with prejudice and the First Amendment and defamation claims are dismissed without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff is granted 21 days from March 21, 2017, to file an amended complaint as to the First Amendment and defamation claims.

BY THE COURT:

/s/ Kim R. Gibson

**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**